OPINION
PER CURIAM.
Appellant’s[1] employer was recently the subject of a federal grand jury investigation. The Government issued Appellant a subpoena to produce his fingerprints for use by the grand jury. Appellant provided his fingerprints to the grand jury pursuant to an agreement with the Government that preserved Appellant’s right to seek a protective order from the District Court to prevent the Government from entering his fingerprints into any database or from providing them to any other law enforcement agency. Appellant also sought to have the Government destroy the fingerprints at the close of its investigation. The District Court denied the motion, and Appellant filed a timely notice of appeal.
We are satisfied that we have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. An order is appealable under the collateral order doctrine where it (1) “conclusively determines the disputed question,” (2) “resolves an important issue that is completely separate from the merits of the dispute,” and (3) will be “effectively unreviewable on appeal from a final judgment.” Shingara v. Skiles, 420 F.3d 301, 304-05 (3d Cir.2005) (internal quotation marks omitted). The District Court’s denial of Appellant’s motion for a protective order satisfies this standard: (1) the Court “conclusively determine[d]” that Appellant was not entitled to the relief he sought; (2) Appellant’s challenge to the Government’s future use of his fingerprints is “completely separate” from the grand jury’s investigation of Appellant’s employer; and (3) the District Court’s order will be “effectively unreviewable” on appeal, as Appellant is neither a subject nor a target of the grand jury investigation (thus presumably foreclosing a direct appeal from a criminal conviction as a possible avenue for appellate review). Cf. Perlman v. United States, 247 U.S. 7, 12-13, 38 S.Ct. 417, 62 L.Ed. 950 (1918) (prospective grand jury target could immediately appeal the refusal to quash a grand jury subpoena directed to a third party in possession of the target’s property); United States v. RMI Co., 599 F.2d 1183, 1186-87 (3d Cir.1979) (applying Perlman and holding that district court’s denial of corporation’s motion for a protective order seeking to prevent the disclosure of documents disclosed to the grand jury in response to a subpoena was an immediately appealable order). In this context, we are satisfied that the denial of Appellant’s motion for a protective order is sufficiently final for purposes of our appellate review. We review the District Court’s denial of a protective order for abuse of discretion. Shingara, 420 F.3d at 305.
In support of his contention that the District Court erred in denying his motion, Appellant points to the following statement:
Finally, it may appropriately be noted that since the Government has no general right to retain files of handwriting exemplars, fingerprints and mug shots, any enforcement order may properly, on the witness’ request, provide that if these materials do not prove to be relevant to the grand jury’s inquiry, or to a resulting indictment, they be returned to the witness or destroyed.
In re Grand Jury Proceedings (Schofield), 486 F.2d 85, 93-94 (3d Cir.1973). First, we agree with Appellee that this statement *166 is dictum, as Schofield dealt primarily with the showing the Government is required to make before a district court may hold a witness in civil contempt for refusing to comply with a subpoena. See id. at 88. Further, even if, for the sake of argument, this statement establishes a rule which applies to grand jury witnesses, Appellant has failed to show that he falls within the ambit of that rule. Namely, Appellant has not shown or even alleged that his fingerprints are not relevant to the grand jury’s inquiry or the resulting indictment.[2] Finally, the language in Schofield is discretionary. A district court “may properly” enter an order directing the Government to return witness materials if they are not relevant to the grand jury’s investigation. Id. at 93. Appellant points to no case-law or statute which requires a district court to return or destroy a grand jury witness’s fingerprints.
Appellant argues that the District Court abused its discretion by allowing the Government to publish his fingerprints in a database in violation of Fed.R.Crim.P. 6. The Government, however, has not indicated that it would “publish” Appellant’s fingerprints in any database nor has Appellant specifically alleged which portion of Rule 6 the Government’s retention of his fingerprints would violate. Indeed, Rule 6 allows disclosure of a grand jury matter to any government personnel that an attorney for the government considers necessary to assist in performing that attorney’s duty to enforce federal criminal law. Fed. R.Crim.P. 6(e)(3)(A)(ii).
Finally, Appellant argues that the District Court ignored his separation of powers argument. Apparently, Appellant believes that the U.S. Attorney, without Congressional authorization, will build a national database of citizens’ “biometric identifiers” through the use of grand jury subpoenas. (Appellant’s Br. at 19.) This argument is patently meritless. In fact, Schofield,, the case on which Appellant relies in the first portion of his brief, requires the Government to make “some preliminary showing by affidavit that each item [being subpoenaed] is at least relevant to an investigation being conducted by the grand jury and properly within its jurisdiction, and is not sought primarily for another purpose.” In re Grand Jury Subpoena, 223 F.3d 213, 216 (3d Cir.2000) quoting Schofield, 486 F.2d at 93). Therefore, the District Court did not abuse its discretion in denying Appellant’s motion for a protective order.
For the foregoing reasons, we will affirm the District Court’s order.

. Because this is an appeal from a grand jury proceeding, the docket of which is sealed, we will refer to the appealing party in this matter only as "Appellant."

. Appellant asserts that the grand jury has returned an indictment against his employer. The Government does not address this issue.