**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**April 20, 2022**

# In the Court of Appeals of Georgia

A22A0184. HERRERA v. THE STATE.

DOYLE, Presiding Judge.

Samuel Perez Herrera was issued a traffic citation for driving without a valid Georgia license in violation of OCGA § 40-5-20. Before trial, the trial court entered an order requiring him to report to the sheriff's office for fingerprinting or face possible arrest. Herrera appeals the fingerprint order, arguing that it contravenes Georgia law and is unconstitutional. For the reasons that follow, we vacate the order and remand the case.

The record shows that on May 8, 2021, the Douglas County Sheriff issued Herrera a "Uniform Traffic Citation, Summons[,] and Accusation" for driving without a valid Georgia license in violation of OCGA § 40-5-20.[1] The citation ordered him

---

[1] The citation indicated that Herrera had been in a traffic accident.

to appear in court to answer for the charge on August 6, 2021. On June 29, 2021, the

trial court entered the following order:

> It has come to the attention of this court that the defendant's fingerprints
> have not been successfully captured for the . . . charges [alleged in
> 21ST03898: Driving Without a License]. It is hereby ordered that the
> defendant return to the Douglas County Sheriff's Office to be
> fingerprinted. Failure to abide by this order could result in your arrest.

On July 29, 2021, Herrera filed a notice of appeal of the fingerprint order.[2]

---

[2] The trial court's order is appealable as a collateral order. Under that doctrine, "an order that does not resolve the entire case in the trial court may be appealed immediately if it (1) resolves an issue that is 'substantially separate' from the basic issues to be decided at trial, (2) would result in the loss of an important right if review had to await final judgment, and (3) completely and conclusively decides the issue on appeal such that nothing in the underlying action can affect it." *Warren v. State*, 297 Ga. 810, 811, n.2 (778 SE2d 749) (2015); see *Rivera v. Washington*, 298 Ga. 770, 774 (784 SE2d 775) (2016) (collateral order doctrine "recognizes that a very small class of interlocutory rulings are effectively final in that they finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated"). Here, the collection of Herrera's fingerprints is "substantially separate" from the issue of whether he was driving without a license, he would lose an important right if review is delayed because he faces arrest under the trial court's order, and the resolution of the underlying criminal case will not affect this issue. Federal courts that have considered similar orders have held that they are appealable under the collateral order doctrine. See, e.g., *United States v. Mitchell*, 652 F3d 387, 389, 392-398 (III) (B) (3d Cir. 2011) (order prohibiting the State from collecting indicted defendant's DNA was collateral order); *In re Grand Jury Investigation*, 363 F.Appx. 164, 165 (3d Cir. 2010) (order requiring employee of company under grand jury investigation to provide

The trial court did not indicate the legal authority, statutory or otherwise, for the order requiring Herrera to give his fingerprints before his conviction. On appeal, Herrera contends that the order is unconstitutional[3] and that it contravenes the text of OCGA § 40-5-121 (a), which provides in relevant part that a person convicted of the misdemeanor offense of driving without a license as required by OCGA § 40-5-20 "shall be fingerprinted" and that "[s]uch fingerprints, *taken upon conviction*, shall be forwarded to the Georgia Crime Information Center . . . for the purpose of tracking any future violations by the same offender."[4] We agree that OCGA § 40-5-21 (a) does not provide a legal basis for a court to require a defendant to give his fingerprints before conviction.

Nonetheless, the State argues that the trial court was authorized to impose the pre-conviction fingerprint order under OCGA §§ 17-4-23 (a) (1) and 35-3-33 (a) (1) (A). OCGA § 17-4-23 (a) (1) provides in relevant part that "[a] law enforcement

---

fingerprints to grand jury was collateral order).

[3] Specifically, Herrera contends that the fingerprint order violates the separation of powers doctrine contained in Article I, Section II, Paragraph III of the Georgia Constitution, his due process rights, and his right against self-incrimination contained in Article I, Section I, Paragraph XVI.

[4] (Emphasis supplied.)

3

officer may arrest a person accused of violating any law or ordinance . . . governing the operation, licensing, registration, maintenance, or inspection of motor vehicles . . . by the issuance of a citation. . . ." OCGA § 35-3-33 (a) (1) (A) requires the Georgia Crime Information Center ("the GCIC") to "[o]btain and file fingerprints . . . on persons who . . . [h]ave been or are hereafter arrested or taken into custody in this state [in certain specified circumstances]."[5] Neither statute speaks to the trial court's authority to obtain an accused's fingerprints under these circumstances prior to conviction.[6]

---

[5] Specifically, OCGA § 35-3-33 (a) (1) (A) requires the GCIC to take the fingerprints of persons arrested or taken into custody:

"(i) For an offense which is a felony; (ii) For an offense which is a misdemeanor or a violation of an ordinance involving burglary tools, commercial gambling, dealing in gambling devices, contributing to the delinquency of a child, dealing in stolen property, dangerous drugs, marijuana, narcotics, firearms, dangerous weapons, explosives, pandering, prostitution, sexual offenses where children are victims, or worthless checks; (iii) For an offense charged as disorderly conduct but which relates to an act connected with one or more of the offenses under division (ii) of this subparagraph; (iv) As a fugitive from justice; or (v) For any other offense designated by the Attorney General."

OCGA § 35-3-33 (a) (1 (A). Ga. Op. Atty Gen. No. 2008-6 addresses fingerprinting with regard to OCGA §§ 40-5-20 and 40-5-121.

[6] Herrera was cited for violating OCGA § 40-5-20 (c), operating a motor vehicle without a valid driver's license. Pursuant to OCGA § 40-5-121 (a), any person driving without being licensed is guilty of (a) a misdemeanor for the first conviction;

Nevertheless, because of the unique procedural posture of this case and the lack of tolling of the time to file a notice of appeal, Herrera did not raise any specific objection to the collection of his fingerprints in the trial court, and the trial court did not have the opportunity to rule on those objections.[7] Accordingly, we vacate the trial court's order and remand for the trial court to consider his objections in the first instance.

*Judgment vacated and remanded. Reese, J., and Senior Appellate Judge Herbert E. Phipps concur*.

---

(b) a high and aggravated misdemeanor for the second and third conviction within five years; and (c) a felony for the fourth or subsequent conviction within five years. There is no indication in the record on appeal that Herrera has a previous conviction for driving without a license.

[7] We note that the motions that toll the time for filing a notice of appeal under OCGA § 5-6-38 (a) – "a motion for new trial, a motion in arrest of judgment, or a motion for judgment notwithstanding the verdict" – are not applicable to the relief Herrera seeks with regard to collection of his fingerprints.